This order is a precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

al

September 8, 2021

Opposition No. 91253866

*Rwachsberg Holdings Inc. and Apollo Health and Beauty Care Inc.*

*v.*

*Grüne Erde Beteiligungs GmbH*

**Before Bergsman, Lynch, and Lebow,**
**Administrative Trademark Judges.**

By the Board:

This case now comes up for consideration of Applicant's motion (filed March 19, 2021) for relief under Fed. R. Civ. P. 60(b)(1).[1] The motion is fully briefed. For the reasons explained below, the motion is denied.

## Background

On February 3, 2020, Opposers filed a notice of opposition[2] against Applicant's multi-class application Serial No. 87787209, as to the goods in International Class 3 only[3], for the following composite mark[4]:

---

[1] 21 TTABVUE. Although captioned as a "Motion to Vacate Judgment," such motion was filed pursuant to Fed. R. Civ. P. 60(b)(1) and we, therefore, construe it as one for relief from judgment. Under Fed. R. Civ. P. 60(b)(1), a party may be relieved from a final judgment, order, or proceeding because of "mistake, inadvertence, surprise, or excusable neglect."



for the following goods:

> After-sun gels; After-sun milks; After-sun oils; Anti-aging cream; Bath oils for cosmetic purposes; Bath pearls; Beauty masks; Cosmetic bath salts; Cosmetic oils; Cosmetic preparations; Cosmetic soaps; Cosmetics; Dentifrices; Eye liner; Eye shadows; Face powder; Facial masks; Fragrances for personal body use; Hair care preparations; Hair lotions; Lip gloss; Lipsticks; Make-up; Make-up pencils; Make-up remover; Mascaras; Massage oils; Perfumed soaps; Perfumery for personal body use; Rouges; Sun-tanning oils and lotions; Sun care lotions; Bath soaps; Cosmetic preparations against sunburn; Liquid soaps for laundry; Natural mineral make-up; Non-medicated bath preparations; Non-medicated sun care preparations; Shaving soaps; all of the foregoing goods being environmentally friendly.

On March 12, 2020, Applicant filed its answer.[5] Thereafter, the parties entered into an extended period of settlement negotiations which culminated in the filing by Opposers, on February 18, 2021, of a "Stipulated Withdraw of Application and Dismissal of Opposition"[6] which was drafted by Applicant. The stipulation contains the following statement as well as the signatures of both parties' counsel of record:

> The parties to this opposition have reached an agreement and respectfully request that the Board enter an appropriate Order withdrawing the application without prejudice and dismissing the opposition without prejudice.

---

[2] 1 TTABVUE.

[3] Although Opposer opposed registration of Applicant's mark in only one of the seven classes in the involved application, Applicant did not move to divide the unopposed classes into a separate application. *See* Trademark Rule 2.6(a)(19).

[4] The application was filed on February 6, 2018, pursuant to Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b). According to the application: The mark consists of the wording "GRÜNE ERDE" in the color dark green with a dark green tree in dark green ground between the terms "GRÜNE" and "ERDE." The English translation of "GRUNE ERDE" in the mark is "GREEN SOIL."

[5] 5 TTABVUE.

[6] 18 TTABVUE.

The Board acted on the unambiguous language of the stipulation and issued an order on February 25, 2021, wherein the Board deemed the subject application abandoned in its entirety and dismissed the opposition without prejudice.[7]

In support of its motion for relief, Applicant alleges that "the parties did not have a true meeting of the minds when determining the scope of the agreement to resolve the application;"[8] that "Applicant believed the parties' agreement was only with respect to abandonment of the only opposed class, the goods in Class 3, whereas Opposer [sic] believes the entire application was to be abandoned;"[9] and that it would therefore be appropriate to vacate the Board's order of February 25, 2021 because of this failure of agreement. Applicant admits that the parties' stipulation filed on February 18, 2021 was drafted by its counsel and was "poorly drafted with respect to providing abandonment only as to Class 3."[10] Applicant further states that after the Board's order of February 25, 2021 issued wherein the entire application was deemed abandoned, Applicant realized the error and contacted Opposers' counsel to resolve the matter. The parties were not able to

---

[7] 19 TTABVUE. As discussed more fully below, we observe that once an opposition is commenced, the Board has jurisdiction over the application. Trademark Rule 2.101(a), 37 C.F.R. § 2.101(a); and TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) §§ 302 and 304 (2021). After the commencement of an opposition proceeding, if the applicant files a written abandonment of its subject application or mark without the written consent of every adverse party to the proceeding, judgment will be entered against the applicant. Trademark Rule 2.135, 37 C.F.R. § 2.135; TBMP § 602.01. Here, however, because Opposers provided their written consent to the abandonment of the application, judgment was not entered against Applicant as to Class 3, the opposed class.

[8] 21 TTABVUE 2.

[9] *Id.*

[10] *Id.* at 3.

agree on whether their prior negotiations concerned abandoning Class 3 only or the entire subject application.

In response, Opposers argue that the present motion "plainly violates Trademark Rule §2.68, which states *unconditionally* that '[a] request for abandonment or withdrawal [of an application] may not subsequently be withdrawn.'"[11] Opposers therefore assert that the February 18, 2021 filing may not now be withdrawn.[12] Opposers further assert that during the parties' negotiations, Opposers specifically referred to Trademark Rule 2.68 stating the following in the email sent to Applicant's counsel: "[Opposers] consent to the express abandonment of [Applicant's] trademark application. Please prepare a motion to that effect pursuant to 37 C.F.R. § 2.68 and TBMP § 602.01 and we will sign to provide the consent in writing."[13]

Opposers state that they signed and filed the February 18, 2021 stipulation that Applicant drafted "because it exactly matched the agreement between the parties;" that during negotiations "Applicant never limited its offer to be merely an abandonment of only the Class 3 goods in the application (and had Applicant done so, such offer would have been flatly rejected by Opposer [sic] as inadequate…"); and that "Applicant's different recollection after the fact does not amount to excusable neglect under Rule 60(b)(1)…."[14]

---

[11] 22 TTABVUE 3.
[12] *Id.*
[13] A copy of the referenced email correspondence between the parties' attorneys was submitted by Applicant as an exhibit to its motion. 21 TTABVUE 16-17 and 22 TTABVUE48-49.
[14] 22 TTABVUE 6.

In reply, Applicant states that Opposers argue "incorrectly that Rule 2.68 controls this case" and that the parties' February 18, 2021 stipulation did not refer to such rule.[15] However, Applicant does not directly dispute Opposers' contention that Applicant never limited its offer to merely an abandonment of only the Class 3 goods.

## Analysis

Under Fed. R. Civ. P. 60(b)(1), a party may be relieved from a final judgment, order, or proceeding because of "mistake, inadvertence, surprise, or excusable neglect." However, the relief requested in this case—namely, withdrawal of an express abandonment of an application—is precluded by the Rules of Practice in Trademark Cases which do not allow the withdrawal of an express abandonment of an application. Contrary to Applicant's assertion, Trademark Rule 2.68, 37 C.F.R. § 2.68, applies in this instance. Trademark Rule 2.68 permits the abandonment of an application by the filing of a written statement of abandonment or withdrawal of the application signed by the applicant or the applicant's attorney. Such rule unequivocally states that "[a] request for abandonment or withdrawal may not subsequently be withdrawn."[16] Applicant's motion seeks to withdraw its February

---

[15] 24 TTABVUE 2.

[16] We observe that the rule was amended in 2015 to include such language. The reasoning for this amendment is explained in the Federal Register:

> The Office is amending § 2.68(a) to indicate that, consistent with existing practice, a request for abandonment or withdrawal may not subsequently be withdrawn. This is intended to provide applicants, registration owners, and the public assurance of the accuracy of the status of applications or registrations after filings are received by the Office.

18, 2021 abandonment of its application. Under Trademark Rule 2.68 this is impermissible.

## Conclusion

Accordingly, Applicant's motion for relief is denied. The Board's February 25, 2021 order dismissing this opposition and abandoning Applicant's application in its entirety stands.

---

Miscellaneous Changes to Trademark Rules of Practice, Final Rule, 80 Fed. Reg. 2,303 (Jan. 16, 2015) (accessed at https://www.govinfo.gov/content/pkg/FR2015-01-16/pdf/2015-00267.pdf, April 8, 2021).